UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

LEWIS JAQUON NELSON,

        Defendant.
_____/

Case No: 23-cr-20566
Hon. F. Kay Behm
U.S. District Judge

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION TO DISMISS INDICTMENT (ECF No. 36)**

## I.   PROCEDURAL HISTORY

This matter is before the court on Defendant Lewis Nelson's ("Nelson") Motion to Dismiss his indictment (ECF No. 36). On October 4, 2023, the Government issued an indictment as to Nelson on a single charge: felon in possession of a firearm under 18 U.S.C. § 922(g)(1), commonly referred to as the federal "felon in possession" law (ECF No. 13). Nelson filed his motion to dismiss the indictment on March 13, 2024; the Government responded at ECF No. 46. Central to Nelson's motion was the issue of whether § 922(g)(1) was constitutional under the U.S. Supreme Court's decision in *New York State Rifle & Pistol*

1

*Association, Inc. v. Bruen*, 597 U.S. 1 (2022). While this motion was pending, the Sixth Circuit considered that question and determined that § 922(g)(1) "is constitutional on its face and as applied to dangerous people." *United States v. Williams*, 113 F.4th 637, 662 (6th Cir. 2024). In light of the Sixth Circuit's holding in *Williams*, Nelson submitted supplemental briefing on his motion (ECF No. 48), and the government submitted its response (ECF No. 50). The court held a hearing on the motion on February 20, 2025, and this opinion follows.

For the reasons described below, the court finds that Nelson may constitutionally be prohibited from possessing firearms and **DENIES** his Motion to Dismiss.

## II. FACTUAL BACKGROUND

Under the Sixth Circuit's decision in *Williams,* Nelson's prior convictions are relevant to his as-applied challenge to § 922(g)(1). Nelson's records reflect the following relevant convictions as an adult:

| No. | Year | Conviction | Citation |
|---|---|---|---|
| 1 | 1997 | Unlawfully Driving Away an Automobile (felony) | PSR[1] ¶ 22 |

---

[1] Citations are to the Presentence Report in *United States v. Lewis Nelson*, case no. 4:17-cr-20210. The PSR has been submitted under seal as Exhibit 1 to the Government's brief in response (ECF No. 50-2).

2

| No. | Year | Conviction | Citation |
|---|---|---|---|
| 2 | 1997 | Unlawfully Driving Away an Automobile (felony) | PSR ¶ 23 |
| 3 | 2002 | Prison Escape (felony) | PSR ¶ 25 |
| 4 | 2002 | Fleeing a Police Officer–4th Degree (felony) | PSR ¶ 27 |
| 5 | 2012 | Assault & Battery – Domestic (misdemeanor) | PSR ¶ 28 |
| 6 | 2014 | Felon in Possession of a Firearm (felony) | PSR ¶ 32 |
| 7 | 2017 | Felon in Possession of a Firearm (felony) | PSR ¶¶ 6, 7; ECF No. 17, PageID.57 |

### III. STANDARD OF REVIEW

In *District of Columbia v. Heller*, the Supreme Court held that the Second Amendment codified a pre-existing "individual right." 554 U.S. 570, 579-81, 592 (2008). This right protects the ability to keep, for "lawful purposes," the kinds of weapons in common usage, like those used for self-defense. *Id.* at 625, 627 (quotation omitted). *Heller* cautioned that nothing in its opinion "should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons," like § 922(g)(1). *Id.* at 626. Thus, even after *Heller*, many courts of appeals, including the Sixth Circuit, refused to hear as-applied challenges to

3

§ 922(g)(1). *United States v. Carey*, 602 F.3d 738, 741 (6th Cir. 2010). The U.S. Supreme Court upended that tradition in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022). *Bruen* required the government to show that a regulation's infringement on a particular citizen's Second Amendment right was "consistent with this Nation's historical tradition of firearm regulation." *Id.* at 17. The scope of that inquiry remained unclear. *See United States v. Rahimi*, 144 S. Ct. 1889, 1927 n.1 (2024) (Jackson, J., concurring) (collecting cases). The Supreme Court then attempted to clarify *Bruen*'s holding in *United States v. Rahimi*, 144 S. Ct. 1889 (2024). *Rahimi* emphasized that firearm regulations need not have a historical "twin" to be valid. *Id.* at 1898 (quoting *Bruen*, 597 U.S. at 30). Instead, the relevant inquiry is whether the challenged regulation is consistent with the "principles that underpin our regulatory tradition." *Id.* In light of *Bruen* and *Rahimi*, the Sixth Circuit considered whether § 922(g)(1), a federal "felon in possession" law, remained a constitutional mechanism for disarming people in *United States v. Williams*. 113 F.4th 637 (6th Cir. 2024). The *Williams* panel concluded that 18 U.S.C. § 922(g)(1) is constitutional on its face and as applied to "dangerous" people. *Id.* at

4

663. It also set forth the standard for determining whether a person convicted of a felony is "dangerous" and can be disarmed. "When evaluating a defendant's dangerousness, a court may consider a defendant's entire criminal record," "as well as other judicially noticeable information." *Id.* at 660.

Under the *Williams* framework, criminal convictions can broadly be separated into three categories. The first category encompasses crimes against a person such as murder, assault, and robbery, which speak "directly to whether an individual is dangerous." *Id.* at 658. In this category, the burden of proof to show non-dangerousness is "extremely heavy." *Id.* ("[V]iolent crimes are at least strong evidence that an individual is dangerous, if not totally dispositive on the question."). The second category encompasses crimes like drug trafficking or burglary. "[T]hese crimes put someone's safety at risk, and thus, justify a finding of danger." *Id.* at 659.

The final category includes crimes like mail fraud, tax fraud, or making false statements. The *Williams* panel thought that such crimes cause no physical harm to another person or the community, and

5

indicated that a defendant's burden is low because district courts should generally find that these crimes "don't make a person dangerous." *Id.*[2]

## IV. ANALYSIS

First, a note on the posture of this case. Neither Nelson nor the government agree with *Williams*'s conclusions or framework. Nelson mounts a comprehensive critique of *Williams'* analysis and ultimately asserts that § 922(g)(1) is unconstitutional because there is no founding-era historical analogue, in his view, for a permanent deprivation of the Second Amendment right. He also points out some of the problems posed by *Williams'* application. The government, meanwhile, maintains that § 922(g)(1) is constitutional in all its applications. *See Williams*, 113 F.4th at 663-65 (Davis, J., concurring in judgment) (the presumption of lawfulness in Heller and Rahimi is enough to reject an as-applied challenge to § 922(g)(1)); *see also, e.g., United States v. Morton*, --- F.4th ----, 2024 WL 5114316, at *4 n.2 (6th Cir. Dec. 16,

---

[2] A note on phrasing: this court attempts to use, where possible, language that centers the dangerousness of the crime and acts at issue. Convictions based on crimes which put another person's safety at risk are valid bases for disarming someone under § 922(g)(1). *Williams*, at *40-41. As the Supreme Court put it: "Our tradition of firearm regulation allows the Government to disarm individuals who present a credible threat to the physical safety of others." *United States v. Rahimi*, 144 S. Ct. 1889, 1902 (2024); *see also United States v. Stone*, 608 F.3d 939, 947 n.6 (6th Cir. 2010) (holding that the offense of drug trafficking itself poses a danger to the community).

2024) (noting questions about the *Williams* historical analysis that should be resolved by the Supreme Court); *United States v. Witherspoon*, No. 6:23-CR-39, 2024 WL 4819433, at *1 (E.D. Ky. Nov. 18, 2024) (noting some of the problems for district courts posed by administration of the *Williams* framework). Nonetheless, this court is bound by *Williams* until the Sixth Circuit or the U.S. Supreme Court say otherwise. *United States v. Thomas-Mathews*, 81 F.4th 530, 540 n.3 (6th Cir. 2023) (A published Sixth Circuit panel decision "remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision.") (citations omitted).

    Thus, the court turns to the substance of Nelson's motion to dismiss. Nelson makes two main arguments: first, that his prior convictions do not support a finding of dangerousness under *Williams*' framework, and second, that *Williams* sets forth an unconstitutionally overbroad and vague standard. As this court and others have noted, vagueness is a doctrine that applies to statutes, not to interpretations by a court. *United States v. Jennings*, --- F.Supp.3d ---; 2024 WL 4560602, at *6 (E.D. Mich Oct. 24, 2024); *United States v. Brown*, No.

7

24-20227, 2024 WL 5161946, at *3 (E.D. Mich. Dec. 18, 2024) (similarly rejecting vagueness challenge to the *Williams* framework). Overbreadth challenges are inapposite because they don't apply to the Second Amendment. *See Moody v. NetChoice, LLC*, 144 S. Ct. 2383, 2397 (2024) (overbreadth is a First Amendment doctrine); *United States v. Jordan*, 680 F. Supp. 3d 850, 854 (N.D. Ohio 2023) (doesn't apply in the Second Amendment context). Accordingly, the court will not consider those doctrines here (and moreover, *Williams* is binding on this court and held that facial challenges to § 922(g)(1) are foreclosed).

That leaves Nelson's as-applied challenge under the *Williams* framework. Under the *Williams* framework, a court should ask: has the defendant been convicted of any felonies for dangerous conduct? If so, Congress can constitutionally disarm them.[3] In practical terms, the burden on a defendant under this framework whose convictions do not obviously fall into *Williams*' third category has proven a high bar to meet. As of writing, this court has not found a single decision in the

---

[3] Although the *Williams* court at times phrased the analysis in terms of "dangerous persons" and whether a person "is dangerous," the analytical framework only asks about the dangerousness of their felony convictions. *See Williams*, 113 F.4th at 662; *id.* at 660 (phrasing the inquiry as "whether a defendant's past convictions are dangerous").

8

Sixth Circuit that has dismissed a felon-in-possession charge on an as-applied challenge under the *Williams* framework, despite there being well over 80 citing cases on point within this circuit in the months since that case was decided. *See United States v. Jackson*, 110 F.4th 1120, 1125 (8th Cir. 2024) ("there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)").[4]

With that in mind, Nelson has six felony convictions from 1997 to 2017, all of which fall under *Williams*' second category of presumptively dangerous crimes, and are sufficient to resolve this motion even without reference to his misdemeanor conviction. It is not clear what exactly might fall into the final *Williams* category of crimes that theoretically might pose no danger to others, but Nelson's multiple felony convictions are not like those identified by the Sixth Circuit as non-dangerous, such as mail fraud, tax fraud, or making false statements. Unlawfully driving away in an automobile (informally known as one of Michigan's

---

[4] The leading case finding § 922(g)(1) unconstitutional as applied is the recently decided, out-of-circuit *Range v. AG United States*, No. 21-2835, 2024 U.S. App. LEXIS 32560, at *23 (3d Cir. Dec. 23, 2024) (on remand), finding that a person convicted only of food-stamp fraud and who had completed his sentence could not be disarmed. That conviction would appear to fit into *Williams*' third category, but as will be explained, this case does not present that issue.

9

temporary auto theft or "joyriding" statutes[5]) (twice) does not fall into that category.[6] Removing his electronic monitor and absconding for almost two years while serving his sentence for those driving convictions, *see* ECF No. 48, PageID.142, does not fall into that category.[7] Fleeing and eluding does not fall into that category.[8] Unlawfully possessing a firearm or ammunition when that possession

---

[5] Unlike larceny, the crime does not require proof that the defendant had specific intent to steal or permanently deprive the owner of the vehicle of their property, but merely that the taking possession and driving away be "wilfully and without authority." *See People v. Stanley*, 349 Mich. 362, 364 (1957); Mich. Comp. L. § 750.413. The lesser misdemeanor version of the offense is specifically "without intent to steal" the vehicle. Mich. Comp. L. § 750.414. Nelson's convictions are felonies under § 750.413. *State of Michigan v. Nelson*, 1997-0000001221-FH; *State of Michigan v. Nelson*, 1997-0000001788-FH.

[6] In the first, Nelson "maneuvered around the police cruiser, nearly hitting an officer, who was outside of his vehicle. The defendant ran several stop signs while police pursued him." PSR ¶ 22. In the second, "[o]fficers observed the stolen vehicle occupied by two subjects traveling at a high rate of speed . . . the vehicle stopped and the occupants fled on foot." PSR ¶ 23. Defense counsel had no objection to these facts in the PSR at hearing. This conduct is described similarly to a fleeing and eluding offense, which this court has found to be dangerous. *See United States v. Green*, 2024 WL 4469090, at *3 (E.D. Mich. Oct. 10, 2024) (conviction for fleeing and eluding involved danger to others).

[7] Nelson was sentenced to 20-30 months custody in June 1999. He was released on electronic monitoring in February 2000. He removed his electronic device in May 2000, and he was eventually re-arrested in February 2002. PSR, ECF No. 52, PageID.178-79. A violation of Mich. Comp. L. § 750.193 is classified as a public safety crime. Mich. Comp. L. § 777.16j.

[8] *See, e.g.*, *United States v. Martin*, 378 F.3d 578, 582 (6th Cir. 2004); *Green*, 2024 WL 4469090, at *3.

was plainly foreclosed by law[9] (twice) does not fall into that category.[10] It is not necessary that the court dive deeper on this record or on this motion when he has multiple felony convictions and none of them are presumptively non-dangerous. *See Witherspoon*, 2024 WL 4819433 at *5 ("Witherspoon's persistent criminality obviates the issue"); *United States v. Brown*, No. 24-20227, 2024 WL 5161946, at *4 (E.D. Mich. Dec. 18, 2024) ("multiple felony convictions [], while not dispositive, weigh against a finding that Congress may not constitutionally disarm him"). The fact of his multiple felony convictions and the type of his convictions create a strong presumption that Nelson may be constitutionally disarmed. Nelson's defense that these felonies were

---

[9] *See United States v. Carey*, 602 F.3d 738, 741 (6th Cir. 2010).

[10] Nelson's argument that his felon-in-possession convictions represent protected activity assumes that he lawfully possessed a gun, which he did not. Convictions under § 922(g)(1) are considered in the *Williams* analysis. *See, e.g.*, *Williams*, 113 F.4th at 662 (where defendant had prior conviction for possessing a firearm as a felon, "[t]he government could've pointed to [that] conviction[] to demonstrate his dangerousness"); *United States v. Golden*, No. 3:24-cr-94, 2025 U.S. Dist. LEXIS 11024, at *12 (N.D. Ohio Jan. 22, 2025) (his "*two* prior firearm possession convictions demonstrate his repeated willingness to flout [] gun laws.") (emphasis in original). But if more were needed, in his plea agreement for his 2017 felon-in-possession charge, Nelson agreed to the scoring of two levels for reckless endangerment under USSG § 3C1.2. (*United States v. Nelson*, 4:17-cr-20210, ECF No. 15, PageID.38, 39, 45) (Government's Exhibit 2). The PSR assessed him two levels because he "recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." (PSR ¶ 16).

11

non-dangerous is relatively brief, *see* ECF No. 48, PageID.142-43, and under the facts at hand does not present sufficient evidence to dislodge that presumption that § 922(g)(1) may constitutionally be applied to him.

## V. CONCLUSION

For the reasons stated above, the court **DENIES** Defendant's Motion to Dismiss his indictment for violation of § 922(g)(1).

**SO ORDERED**.

Date: February 21, 2025          s/F. Kay Behm
                                 F. Kay Behm
                                 United States District Judge